## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN L. HERKNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-2491 |
| | § | |
| ARGO-TECH CORPORATION | § | |
| COSTA MESA, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Kevin Herkner moves for a jury trial under FED. R. CIV. P. 39(b). (Docket Entry No. 17). Argo-Tech has responded, (Docket Entry No. 18), and Herkner has replied, (Docket Entry No. 21). Based on a careful review of the motion, response, and reply; the pleadings; the record; and the applicable law, this court grants Herkner's request for a jury trial. The reasons for the decision are set out below.

This case was filed in state court on June 22, 2006. No jury trial was demanded. Argo-Tech removed to federal court in July 2006. Herkner did not file a jury demand within the ten days required under Rules 38(b) and 81(c) of the Federal Rules of Civil Procedure. In the joint discovery/case management plan filed in November 2006, Herkner stated that he intended to demand a jury. Herkner did not file his motion for jury trial until June 22, 2007. In that motion, Herkner states that he failed to file earlier out of "mere inadvertence." Herkner also cited confusion over the application of Rule 81 arising from the fact that the matter was removed to federal court. (Docket Entry No. 17 at 3).

Rule 39(b) provides:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made of right, the court is in its discretion upon motion may order a trial by a jury on any or all issues.

FED. R. CIV. P. 39(b). The decision to grant an untimely request for a jury trial is discretionary with the district court. *Fredieu v. Rowan Cos.*, 738 F.2d 651, 653-54 (5th Cir. 1984). A district court generally should grant a Rule 39(b) motion to permit a jury trial "in the absence of strong and compelling reasons to the contrary." *Lewis v. Thigpen*, 767 F.2d 252, 257 (5th Cir. 1985) (citation omitted). The Fifth Circuit has stated, and Agro-Tech emphasizes, that "it is not an abuse of discretion by a trial court to deny a Rule 39(b) motion . . . when the failure to make a timely demand for a jury trial results from the mere inadvertence on the part of the moving party." *Id*. (quoting *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970)) (internal brackets omitted). The fact that it is not an abuse of discretion to deny a Rule 39(b) motion does not, however, mean that it should be denied. A request for a jury trial under Rule 39(b) "should be favorably received unless there are persuasive reasons to deny it." *United States v. Unum, Inc.*, 658 F.2d 300, 303 (5th Cir. 1981) (citation omitted). The following factors guide the court in considering whether to grant or deny the motion: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would disrupt the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of delay in having requested a jury trial; and (5) the reason for the movant's tardiness. *Daniel Int'l Corp. v.*

*Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). The court will assess the factors in turn.

First, this is a breach of contract case, involving issues that are within the comprehension of a jury and are of the sort usually tried to a jury (unless there is a basis to grant summary judgment, which is the basis of a different motion not addressed in this opinion). Second, a trial date has not been set in this case. Herkner filed his motion for jury trial on June 22, 2007, over ninety days before docket call and before discovery had been completed. Granting his request would not disrupt the schedule of the court or of Agro-Tech. Third, Agro-Tech has not alleged prejudice that may occur as a result of granting Herkner's request. As to the fourth and fifth factors, Argo-Tech alleges that the length of and reason for the delay provide a basis to deny the establish that Herkner is not entitled to a jury trial. Herkner did not seek a jury trial until approximately 319 days after the deadline to file a jury demand had passed. The reason for the delay is counsel's inadvertence and confusion stemming from the removal of the action from state court. The length and reason for delay weigh in favor of denying Herkner's motion. However, all the factors must be considered equally in accordance with *Daniel International Corp.*, 916 F.2d at 1066. While factors four and five weigh against granting Herkner's motion, factors one, two, and three weigh heavily in favor granting the Rule 39(b) motion. The Rule 39(b) motion "clearly [is] not a delaying tactic brought on the eve of trial." *Daniel Int'l Corp.*, 916 F.2d at 1065. Another court has found that a seventeen-month delay was not a basis for denying a Rule 39(b) motion when the motion was not brought on the eve of trial. *See Tovar v. Target Corp.*, No. 04–0557,

2005 WL 3447752, at *2 (W.D. Tex. Nov. 15, 2005) (holding lack of prejudice to defendant overrode the factors of length of delay and inadvertence for not filing jury demand).  While the Fifth Circuit has consistently held that it is not an abuse of discretion to deny a Rule 39(b) motion when the failure to make a timely jury demand was the result of mere inadvertence on the part of the movant, *Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 873 (5th Cir. 1991), district courts in this circuit have granted Rule 39(b) motions even when the only explanation for not filing a timely jury demand is counsel's inadvertence.  *See Camacho v. Mississippi*, No. 06–54, 2006 WL 3246439, at *3 (N.D. Miss. Nov. 8, 2006)*; Tovar,* 2005 WL 3447752, at *3; *Etronix Int'l, Inc. v. Samsung Telecomms. America, L.P.*, 02–1672, 2003 WL 21356815, at*1 (N.D. Tex. June 11, 2003).

In this case, the record discloses no strong and compelling reasons to deny the motion. Herkner's motion for jury trial is granted.

SIGNED on August 8, 2007, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge